This action was brought to recover damages for overflowing the plaintiff's land by means of a mill dam of the defendant, across the West creek, in Schoharie county. The defendant justified under a prescription evidenced by an alleged adverse user for more than twenty years. The verdict was for the defendant. The questions presented on this appeal arise upon certain exceptions to *Page 355 
rulings, upon objections to evidence, and to refusals to charge in the manner requested by the defendant. The original plaintiff was examined as a witness on his own behalf, and testified to the width of certain flush boards which the defendant, in 1852 or 1853, had fixed upon the top of the dam. He said these boards were from sixteen to nineteen inches wide, and he stated that he had, at some time, measured them with a square and put down the measurement on paper with a pencil, and at some other time marked the width on a shop or wash-house; and that, at a former trial of the cause, he had taken off these marks on to paper, which paper, it appeared, he had with him. His counsel asked him to look at the paper and state the width of the flush boards. This was objected to, and excluded by the judge, and the plaintiff's counsel excepted. I understand the question to require the witness to testify what statement of measurement was put down on the paper. In other words, it was an offer to read the memorandum as evidence. That, I think, was not competent. To entitle such a memorandum to be read, it must be the original, made at the time to which the transaction relates. (Halsey v. Sinsebaugh,15 N.Y. 485.) Here it had been twice transferred, either accurately or inaccurately. There is no pretense that it was evidence perse. It was not, moreover, a question of allowing the witness to refresh his memory by the inspection of his copy of the memorandum. It was claimed by the plaintiff that the cellar of a dwelling-house owned by him had been injured, or its use impaired, by the alleged raising of the dam. The plaintiff's counsel offered to ask the plaintiff, while under examination as a witness, what the value of the use of the house was, per annum, before the raising of the dam. I think this was objectionable, as calling for the opinion of the witness. It is very true that evidence of the value of an article of property, where such value is in issue, is admissible. But here the value of the rent of the house was not important, *Page 356 
except argumentatively. We may suppose the question was to have been followed up by inquiring the value of the rent after raising the dam, and then taking the difference for the amount of the damages. It will not be pretended that a witness could be allowed to state his opinion of the amount of damages. He could describe the character of the overflowing, and its effect, and then it would be for the jury to estimate the damages. If the house had been kept for renting, and something in the nature of a market price of the use could have been proved, it might have been competent. What was actually offered was two opinions upon two different matters, forming together an opinion as to the amount of damages. But there is another objection which bears equally upon both these exceptions. The jury have found that the plaintiff was not entitled to recover anything, which is equivalent to finding that the defendant was not guilty of the injury complained of. After such a finding, the case ought not to be sent back for a new trial on account of an incorrect ruling upon the question of damages. The result has demonstrated that such an inquiry was quite immaterial. Another question, as to damages, was excluded. It was an attempt to prove the amount of injury, in the opinion of the witness of whom the inquiry was made. The only peculiarity of the inquiry was that the damage per year was what was asked to be stated. This was plainly incompetent.
The remaining exceptions were taken to refusals to charge as requested. There was a conceded valid prescription to keep up the dam to a certain height. The plaintiff's grievance was that the defendant had, within twenty years, made a permanent addition to the height, in the place of flush boards, which had been used for twenty years, but which would occasionally be carried off by floods. The evidence related to the character of that elevation at different times, and also to the relative height of the waters before and after the permanent addition was *Page 357 
made. The judge charged, in effect, that if the jury believed from the evidence that the defendant, at the time the permanent addition was put on, or at any other time, had increased the height of the dam in a manner to raise the water and flow it back upon the land of the plaintiff to a greater height than it had been for twenty years preceding that time, the defendants were liable, but if the usual and ordinary height of the water had not been exceeded, the defendants were not liable. The plaintiff requested the jury to be charged that the defendant had no right to use the flush boards in any other manner than they had been used for twenty years prior to the commencement of the suit. This instruction the judge refused to give, but instructed the jury that it depended upon the effects produced by the two methods of adding to the dam, and not to the mode in which it was done; that the plaintiff could not complain of the mode of raising the dam, provided the effect had not been to increase the height of water, and thereby overflow some parts of the plaintiff's land not before overflowed. There was an exception to the refusal and to the charge as given. A similar instruction was again asked for and refused, and the refusal excepted to. But it raises no different point from that just stated. I think that the rule laid down by the judge was the true one, and that the instructions asked for were properly withheld. (Cowell v. Thayer, 5 Metc. 258.)
The judgment should be affirmed.
All the judges concurring, judgment affirmed. *Page 358